UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TEDRIC K. JONES,

        Plaintiff,                     **DECISION AND ORDER**

    v.                                     6:24-CV-06127 EAW

L3 HARRIS,
  CITY OF ROCHESTER,

        Defendants.
_____

## INTRODUCTION

*Pro se* plaintiff Tedric K. Jones ("Plaintiff") commenced the instant action against defendants L3 Harris and the City of Rochester (collectively, "Defendants") on February 26, 2024. (Dkt. 1). Plaintiff has also filed a motion for leave to proceed *in forma pauperis* (Dkt. 2), and a motion to appoint counsel (Dkt. 3).

The Court has reviewed Plaintiff's motion for *in forma pauperis* status (Dkt. 2), and it is granted. The Court has also reviewed Plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2) and concludes that his claims must be dismissed as frivolous.

## BACKGROUND

Plaintiff alleges that he experienced employment retaliation after he filed a New York State Division of Human Rights complaint, and that the retaliation consisted of "the use of military grade directed energy weapons and other clandestine operations to stalk, torture and harass" him and his family and friends. (Dkt. 1 at 3-4). Plaintiff also alleges

- 1 -

that he is the victim of cyberstalking, network sabotage, and intrusion, and that defendant L3 Harris "has employed military resources at their disposal to cyberstalk/harass" him and his family members. (*Id*. at 4). Plaintiff seeks punitive damages as compensation for his claims. (*Id*. at 5).[1]

## DISCUSSION

### I. **Plaintiff's Motion for *In Forma Pauperis* Status is Granted**

Plaintiff's affirmation of poverty has been reviewed in accordance with 28 U.S.C. § 1915(a)(1). Plaintiff has met the statutory requirements for *in forma pauperis* status and permission to proceed *in forma pauperis* is granted. The Court now turns to its obligation to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915.

---

[1] This is not the first case Plaintiff has brought in this District claiming that he was subject to cyberstalking and harassment, and that his communications were being monitored. For example, in June 2019, the late Honorable Michael A. Telesca, United States District Judge, dismissed an action brought by the plaintiff "Tedric Kewon Jones" against the FBI, alleging that the FBI used illegal means to stalk him and his family. (*See Jones v. FBI*, Case No. 6:19-CV-06398, Dkt. 3 at 2-3 (W.D.N.Y. June 12, 2019)). Judge Telesca dismissed the action as frivolous, explaining that Plaintiff was "asking the court to investigate his fanciful or delusional allegations about the FBI," and that his allegations were "purely conclusory with no factual basis." (*See id*. at 3). Plaintiff "Tedric Kewon Jones" brought a similar case against the CIA, alleging that the CIA invaded his privacy by monitoring his electronic communications, which Judge Telesca also dismissed as frivolous. (*Jones v. CIA*, Case No. 6:19-CV-06399, Dkt. 3 at 2-4 (W.D.N.Y. June 12, 2019); *see also Jones v. FBI et al.*, Case No. 6:19-CV-06752, Dkt. 4 (W.D.N.Y. Oct. 28, 2019) (in October 2019, dismissing without prejudice claims against the FBI and CIA, wherein the plaintiff "Tedric Kevon Jones" alleged that the CIA and FBI negligently failed to investigate his reports and complaints of cyberstalking and harassment)). Finally, on August 7, 2023, the undersigned dismissed as frivolous a complaint filed by "Tedric K. Jones" brought against multiple defendants, including L3 Harris Communications. (*See Jones v. Free & Accepted Masons et al.*, Case No. 23-CV-06143, Dkt. 8 (W.D.N.Y. Aug. 7, 2023)).

II.     **Legal Standard**

"Section 1915 requires the Court to conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*, to ensure that the case goes forward only if it meets certain requirements." *Guess v. Jahromi*, No. 6:17-CV-06121(MAT), 2017 WL 1063474, at *2 (W.D.N.Y. Mar. 21, 2017), *reconsideration denied*, 2017 WL 1489142 (W.D.N.Y. Apr. 26, 2017). In evaluating the complaint, a court must accept as true all of the plaintiff's factual allegations and must draw all inferences in the plaintiff's favor. *See, e.g.*, *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Upon conducting this initial screening, a court must dismiss the case pursuant to § 1915(e)(2)(B) "if the [c]ourt determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Eckert v. Schroeder, Joseph & Assocs.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005). "In addition, if the Court 'determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.'" *West v. Sanchez*, No. 17-CV-2482 (MKB), 2017 WL 1628887, at *1 (E.D.N.Y. May 1, 2017) (quoting Fed. R. Civ. P. 12(h)(3)); *see also English v. Sellers*, No. 07-CV-6611L, 2008 WL 189645, at *1 (W.D.N.Y. Jan. 18, 2008) ("[E]ven pleadings submitted *pro se* must fit within the subject matter jurisdiction of an Article III court. . . .").

III.    **Plaintiff's Claims are Dismissed**

On their face, Plaintiff's allegations—like the allegations he has previously asserted in lawsuits filed in this District (*see* note 1, supra)—are delusional and purely conclusory with no factual basis.

As to Plaintiff's first claim for retaliation, he simply alleges that, between 2019 through the present, he was subject to "employment retaliation due to [his] filing a NYS Division of Human Rights complaint," and that the retaliation consisted of "the use of military grade directed energy weapons and other clandestine operations to stalk, torture and harass [him and his] family and friends." (Dkt. 1 at 3-4). Plaintiff does not allege any facts supporting a claim for retaliation, such as his employer, the nature of his employment, the conduct complained of, the timing of when the alleged retaliation occurred, or any adverse employment action, other than to state in a conclusory fashion that he has been cyberstalked using "military grade" operations. These allegations lack any basis in reality, and they do not withstand legal scrutiny. Moreover, to the extent Plaintiff alleges he was retaliated against for filing a complaint with the New York State Division of Human Rights, he provides no details about this purported complaint or the results of the filing.

Plaintiff also contends that, between 2015 to the present, Defendants engaged in cyberstalking and monitoring him, including by destroying devices, manipulating data, and intentionally inflicting emotional distress. (*Id*. at 4). It is well-settled that "there is no private cause of action for stalking or general 'harm.'" *See Robinson v. Williams*, No. 6:22-CV-0982 (GTS/ML), 2023 WL 3352758, at *9 (N.D.N.Y. Jan. 12, 2023), *adopted*, 2023 WL 2986825 (N.D.N.Y. Apr. 18, 2023) (citing *Sonnick v. Budlong*, 20-CV-0410, 2020 WL 2999109, at *5, 9 n.8, 11 (N.D.N.Y. June 4, 2020) ("[F]ederal stalking is a crime pursuant to 18 U.S.C. § 2261A, and does not provide for a private cause of action. . . . New York does not recognize private causes of action for stalking, harassment, or trespass."); *Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, and Makeup*, 216 F. Supp. 3d 328, 335

(S.D.N.Y. 2016) ("Case law is . . . unanimous that no private right of action is available under § 2261A.") (collecting cases). Accordingly, any claim based on cyberstalking or harassment is dismissed.[2]

"To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Siri v. Doe*, No. 21-CV-8777 (LTS), 2022 WL 280987, at *2 (S.D.N.Y. Jan. 31, 2022) (dismissing *pro se* plaintiff's complaint pursuant to § 1915 without leave to amend where the complaint lacked an arguable basis in fact or in law, the court could not identify any legal basis for his claim, and the defects in his complaint could not be cured by amendment). Here, even construing his allegations generously, Plaintiff's claims are wholly frivolous. The substance of his allegations of retaliation, cyberstalking, and harassment against Defendants—including that he is being stalked and harassed via military-grade technology—lack not only specificity, but they also lack any basis in fact or in law. While it is potentially feasible that Plaintiff could correct some of the deficiencies with more fulsome pleading—such as providing specifics about the purported complaint filed with the Division of Human Rights—much of Plaintiff's allegations cannot be cured with an amended pleading. Like Plaintiff's prior filings in this District, *see* note 1, *supra*, Plaintiff's allegations are without any even possible basis in reality. Thus, granting Plaintiff leave to replead would be futile. Again, this is particularly

---

[2] Plaintiff fails to make any specific allegations against the City of Rochester, and it is unclear why it is named as a defendant in this action.

the case where Plaintiff has previously asserted similar claims before this court, and yet he has repeatedly failed to allege any facts based in reality or claims based in the law. Accordingly, Plaintiff's complaint is dismissed as frivolous. Further, Plaintiff's motion to appoint counsel (Dkt. 3) is denied as moot.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (Dkt. 2) is granted. Plaintiff's complaint has been screened in accordance with 28 U.S.C. § 1915(e)(2), and the Court concludes that his claims must be dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  April 18, 2024
        Rochester, New York